AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of California

FILED
JAN 10 2020
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA
SK

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| Mustapha TRAORE  a/k/a Olivier Adella,  a/k/a Mustafa Traore,  a/k/a Scotte Traore, | ) ) ) ) ) | Case No. 3 20 70012 |
| Defendant(s) | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __December 6, 2011__ in the county of __San Mateo__ in the __Northern__ District of __California__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 1542 | False Statement in Application for Passport  Maximum 10 years of imprisonment; maximum fine of $250,000; maximum term of supervised release of 3 years; mandatory $100 special assessment |

This criminal complaint is based on these facts:

Please see attached affidavit of United States Department of State, Diplomatic Security Service (DSS) Special Agent Adam Bernier.

☑ Continued on the attached sheet.

Approved as to form /s/ Daniel Pastor
AUSA Pastor

_____
Complainant's signature

Adam Bernier, DSS Special Agent
_____
Printed name and title

Sworn to before me and signed in my presence.

Date: 01/09/2020

_____
Judge's signature

City and state: San Francisco, CA

Hon. Sallie Kim, U.S. Magistrate Judge
_____
Printed name and title

## AFFIDAVIT OF SPECIAL AGENT ADAM BERNIER
## IN SUPPORT OF CRIMINAL COMPLAINT

I, Adam Bernier, been duly sworn, hereby depose and state the following:

### INTRODUCTION AND PURPOSE OF AFFIDAVIT

1. This affidavit is submitted in support of a criminal complaint and arrest warrant charging MUSTAPHA TRAORE (a/k/a Olivier Adella, a/k/a Mustafa Traore, a/k/a Scotte Traore, a/k/a Moussa Mustapha) with False Statement in Application and Use of Passport, in violation of 18 U.S.C. § 1542.

2. I am a Special Agent with the United States Department of State's Diplomatic Security Service (DSS) and have been so employed since January 2019. My duties and responsibilities include conducting criminal investigations of counterfeit and fraudulently obtained passports and visas.

3. The information contained in this affidavit is based on my personal knowledge, as well as information relayed to me by other law enforcement entities involved in this investigation. I have not included in this affidavit every fact known to me. I have included only those facts that I believe are necessary to establish probable cause in support of a criminal complaint.

### APPLICABLE LAW

4. Title 18, United States Code, Section 1542 provides criminal penalties for "[w]hoever willfully and knowingly makes any false statement in an application for passport with intent to induce or secure the issuance of a passport under the authority of the United States, either for his own use or the use of another, contrary to the laws regulating the issuance of passports or the rules prescribed pursuant to such laws."

//

//

1

## STATEMENT OF FACTS ESTABLISHING PROBABLE CAUSE

5. I believe the defendant was born on or about May 3 between the years 1980 and 1984 based on information he gave to the New York City Police Department in 2004 and based on my interview of the defendant's ex-wife, R.W.

6. In connection with a 2019 criminal trial in San Mateo Superior Court, the defendant told San Mateo County investigators that his name is Olivier Adella.

7. Defendant told San Mateo County investigators that his father was born in Ivory Coast, that his mother was from Guinea, and that he lived in Ivory Coast from the time he was a small child until the age of fourteen.

8. Defendant told San Mateo County investigators that his father's name is Kaba Traore and that his father lives in Ivory Coast.

9. Defendant told San Mateo County investigators that he was born in Sarcelles, France at Marie Therese Hospital. There is no Marie Therese Hospital in Sarcelles, France. However, there is a Marie Therese Hospital in Abidjan, Ivory Coast.

10. The Marie Therese Hospital in Abidjan, Ivory Coast is located in the Adjame neighborhood.

11. The defendant has a tattoo in the shape of Ivory Coast on his bicep that contains the words "Kaba" and "Adjame."

12. When the defendant was asked by San Mateo County investigators why he celebrates his birthday on May 3, he told them that May 3 is his "tribal birthday" but insisted that he was born on July XX, 1975.[1]

---

[1] The exact birthdate is known to me but has been redacted to protect personally identifiable information.

2

13.     When I interviewed defendant's ex-wife, R.W., she told me that she knew the defendant as Mustapha TRAORE and that he is from Ivory Coast.

14.     Defendant's ex-wife, R.W., also informed me that the defendant regularly called his father Kaba Traore and his brother Mohamed Lamine Traore in Ivory Coast.

15.     I showed defendant's ex-wife, R.W., the passport photograph page of Mohamed Lamine Traore's Ivory Coast passport. She confirmed that it depicted the man she knew as the defendant's brother.

16.     I have reviewed jail calls that defendant made while in San Mateo County custody to Ivory Coast phone numbers. Ivory Coast authorities have confirmed that these phone numbers belong to individuals named Kaba Traore and Mohamed Lamine Traore.

### State Authorities Seize a French Passport with the Name Olivier Adella from Defendant's Residence

17.     San Mateo police seized a French passport #XXXXX0675[2] with an issued date of 2002 while executing a search warrant at defendant's residence in Burlingame, California on or about May 20, 2016. The passport is missing several passport stamp pages.

18.     French authorities have confirmed that there is only one person named Olivier Adella born in Sarcelles France on July XX, 1975 who has been issued a French passport. That man lives on the French Caribbean island of Martinique and was issued a French passport in 2018.

19.     On or about February 21, 2002, I believe the defendant used the French passport seized from his residence with the name Olivier Adella, birthdate July XX, 1975, and passport #XXXXX0675 to enter the United States. My belief is based on the existence of a U.S. entry

---

[2] The full number of this passport and other official documents mentioned in this complaint are known to me but have been redacted.

3

stamp on page 7 of the French passport, a copy of which defendant submitted to United States Citizenship and Immigration Services.

20. I believe the seized French passport is a fake because the French Consulate General in San Francisco was shown a copy of the passport and indicated that the passport was fake. Additionally, a French official confirmed to a DSS agent that the passport number does not match the biographical information on the passport.

**Defendant Uses the Seized French Passport to Obtain U.S. Immigration Status**

21. Defendant used the seized French passport with the identifying information of Olivier Adella to obtain immigration status in the U.S. and ultimately to become a naturalized U.S. Citizen (Certificate #XXXX3075) on November 30, 2011 in Oakland, California.

22. After obtaining the naturalization certificate referenced above, defendant submitted an Application for a U.S. Passport, Form DS-11 #XXXXX2763, on or about December 6, 2011, at the United States Post Office in Millbrae, California under the name Olivier Adella. As proof of identity, defendant submitted a California driver license #XXXX0910 with the name Olivier Adella, which had been issued on or about June 8, 2011. As proof of citizenship, defendant submitted the certificate of naturalization he obtained with the biographical information of Oliver Adella.

23. Defendant stated on the passport application that he was born in Sarcelles, France on July XX, 1975 and swore under oath to the passport clerk that the information on the passport application was true and that the photograph attached to the passport application was a true likeness of Olivier Adella. He signed the application in the presence of the passport clerk.

24. Defendant was issued U.S. passport book #XXXXX3343 in the name of Olivier Adella on or about December 16, 2011.

SBU -LAW ENFORCEMENT

25.     Defendant executed a DS-82 U.S. Passport Renewal Application for Eligible Individuals #XXXXX4251 on or about May 17, 2016, which was processed by the National Passport Center. As proof of identity, he provided a California Driver's License #XXXX0910 issued in the name of Olivier Adella.

26.     Defendant was issued United States passport book #XXXXXX0534 in the name of Olivier Adella in May 2016.

27.     On or about September 20, 2019, Homeland Security Investigations (HSI), San Francisco Field Office, contacted DSS' San Francisco Field Office. HSI stated that it had information that appeared to show defendant had fraudulently obtained a U.S. Passport. Included in the information HSI provided to DSS was a copy of a 2018 French passport issued to Olivier Adella with a picture that was not of defendant.

28.     After receiving this information from HSI, my office in San Francisco contacted the DSS Regional Security Office (RSO) in Paris, France requesting that it verify the authenticity of French passport #XXXXX0675 containing defendant's photo. DSS agents in Paris, working with French authorities, determined that the French passport seized from defendant was not issued to him by the French government.

**DSS Agent Interviews Olivier Adella and His Parents in Martinique**

29.     Olivier Adella has a French national identity card #XXXXXXXX1029 and a French passport #XXXXX8683. The French passport was issued to him in 2018. He lives on the French island of Martinique.

30.     On or about January 3, 2020, a DSS agent interviewed Olivier Adella along with both his parents on the island of Martinique with the assistance of a translator. Adella stated that

5

he was born in Sarcelles, France on July XX, 1975 and that his parents were both born in Martinique and have never traveled outside of Martinique and France.

31. Olivier Adella provided the DSS agent with a copy of his national ID card, a copy of his father's national ID card, and a copy of his mother's national ID card. Olivier Adella and both of his parents provided the agent with written statements.

32. Olivier Adella also gave the agent copies of his birth records, baptismal family records, his school records, his military records, his social security records, and family photos as proof of his identity.

## CONCLUSION

33. Based upon the foregoing, I submit that there is probable cause to believe that on or about December 6, 2011, defendant did willfully and knowingly make a false statement in an application for a passport with the intent to induce and secure the issuance of a passport under the authority of the United States, for his own use, contrary to the laws regulating the issuance of passports and the rules prescribed pursuant to such laws, in that the defendant stated in said application that his name was that of Olivier Adella, and that he was born in Sarcelles, France when in truth and in fact, and as defendant then and there well knew, his name was not Olivier Adella and he was not born in Sarcelles, France, all in violation of Title 18, United States Code, Section 1542.

ADAM BERNIER
SPECIAL AGENT
DIPLOMATIC SECURITY SERVICE

Sworn and subscribed before me this 9 day of January, 2020:

THE HONORABLE SALLIE KIM
UNITED STATES MAGISTRATE JUDGE